UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CAROLINA B. CRUZ,<br><br>   Plaintiff,<br><br>  v.<br><br>SABLES, LLC,<br>   Defendant. | Case No. 2:16-cv-00775-RFB-GWF<br><br>**ORDER**<br><br>[32] and [34] Motions for Summary Judgment |

## I. INTRODUCTION

Before the Court are Plaintiff's and Defendant's Motions for Summary Judgment. ECF Nos. 34, 32. This case arises from Defendant's allegedly improper attempts to collect on Plaintiff's debt. Based on the reasons below, the Court grants Defendant's Motion for Summary Judgment (ECF No. 32) and denies Plaintiff's Motion for Summary Judgment (ECF No. 34).

## II. BACKGROUND

### A. Procedural History

Plaintiff filed her Complaint against Defendant on April 7, 2016. ECF No. 1. Defendant filed a Motion to Dismiss on May 4, 2016. ECF No. 4. The Court granted in part and denied in part Defendant's Motion on March 20, 2017. ECF No. 31. Plaintiff's only remaining claim is for violations of § 1692f(6) of the Fair Debt Collection Practices Act (FDCPA). Defendant was given until April 4, 2017 to file a Motion for Summary Judgment on this claim. Id.

Defendant filed a Motion for Summary Judgment on March 29, 2017. ECF No. 32. Plaintiff responded on April 24, 2017. ECF No. 37. Defendant replied on May 8, 2017. ECF No. 38.

Plaintiff filed a Motion for Summary Judgment on April 4, 2017. ECF No. 34. Defendant responded on April 21, 2017. ECF No. 36. Plaintiff did not reply.

## III. LEGAL STANDARD

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); accord Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). In ruling on a motion for summary judgment, the court views all facts and draws all inferences in the light most favorable to the nonmoving party. Johnson v. Poway Unified Sch. Dist., 658 F.3d 954, 960 (9th Cir. 2011).

Where the party seeking summary judgment does not have the ultimate burden of persuasion at trial, it "has both the initial burden of production and the ultimate burden of persuasion on a motion for summary judgment." Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Companies, Inc., 210 F.3d 1099, 1102 (9th Cir. 2000). "In order to carry its [initial] burden of production, the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." Id. If the movant has carried its initial burden, "the nonmoving party must produce evidence to support its claim or defense." Id. at 1103. In doing so, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." Scott v. Harris, 550 U.S. 372, 380 (2007) (alteration in original) (internal quotation marks omitted). However, the ultimate burden of persuasion on a motion for summary judgment rests with the moving party, who must convince the court that no genuine issue of material fact exists. Nissan Fire, 210 F.3d at 1102.

## IV. UNDISPUTED FACTS

The Court finds the following facts to be undisputed based upon the record which includes the filings of both parties as to the dispositive motions in this case. In April 2007, Plaintiff purchased a home at 4120 East Cincinnati Avenue, Las Vegas, NV 89104 (the "Property").

Plaintiff executed a note payable to Countrywide Home Loans, Inc. (Countrywide) for a principal balance of $202,250.00. ECF No. 4, Ex. A. On that same date, Plaintiff executed a deed of trust securing the Property in favor of Countrywide. ECF No. 4, Ex. B.

On March 14, 2011, a Corporation Assignment of Deed of Trust from the Mortgage Electronic Service ("MERS") to The Bank of New York Mellon fka The Bank of New York in its individual capacity but solely as Trustee for the benefit of the Certificate holders of the CWABS, Inc., Asset-Backed Certificates, Series 2007-9 was recorded in the Official Records of Clark County, Nevada. ECF No. 4, Ex. C. On June 10, 2014, a Corrective Assignment of Deed of Trust from MERS as nominee for Countrywide to The Bank of New York Mellon fka The Bank of New York, as Trustee for the certificate holders of the CWABS, Inc., Asset-Backed Certificates, Series 2007-9 (BNY Mellon) was recorded in the Official Records. ECF No. 4, Ex. D. On July 3, 2014, a Substitution of Trustee was recorded in the Official Records. BNY Mellon substituted Defendant Sables, LLC (Sables) in the place and stead of ReconTrust. ECF No. 4, Ex. E.

On January 19, 2016, Sables, as trustee under the deed of trust, recorded a Notice of Breach and Default and of Election to Sell ("NOD"). ECF No. 4, Ex. F. The NOD states that $187,730 was due as of January 18, 2016 and that there was a default as to monthly installments which became due on September 1, 2007, along with late charges and all subsequent monthly installments. On January 26, 2016, Plaintiff received the NOD and an Affidavit of Authority, stating that Defendant, as trustee, intended to sell Plaintiff's home. This led Plaintiff to file the instant suit.

### V. DISCUSSION
#### A. FDCPA § 1692f(6)

The only remaining claim at issue in this case is whether Defendant Sables violated § 1692f(6) of the FDCPA. The most relevant provision of this subsection, which was discussed at the hearings on the Motion to Dismiss, prohibits "[t]aking or threatening to take any nonjudicial action to effect dispossession or disablement of property if… there is no present right to possession

of the property claimed as collateral through an enforceable security interest." 15 U.S.C. § 1692f(6)(a).

Plaintiff appears to argue that Defendant Sables violated this subsection, not because her debt did not exist, but because Defendant did not have a legal right to enforce against her debt. This argument is without merit. Defendant Sables was the legitimate trustee under the deed of trust. To the extent Plaintiff argues that securitization of her loan was not legal, the Ninth Circuit has recognized that this argument is not valid under Nevada law. See Berezovsky v. Moniz, 869 F.3d 923, 932 (9th Cir. 2017) (citing Edelstein v. Bank of N.Y. Mellon, 286 P.3d 249, 259 (Nev. 2012) for the proposition that "[i]f the named beneficiary under the recorded deed of trust is someone other than the note owner, the recordation separates 'the note and the security deed [and] creates a question of what entity would have authority to foreclose, but does not render either instrument void'"). The Court finds that Defendant Sables had legal authority to notice the breach and election to sell through the NOD and initiate foreclosure sale proceedings as a trustee of the deed of trust. Plaintiff has provided no cognizable evidence to dispute Defendant's status as a legitimate trustee or to dispute that a default on the note created authority to enforce the security interest under the deed of trust.

More importantly, a claim under the FDCPA is not cognizable against an enforcer of a security interest or trustee of a deed of trust in relation to a nonjudicial foreclosure. See Vien-Phuong Thi Ho v. Recontrust Co., NA, 858 F.3d 568, 574 (9th Cir. 2017)(holding that "giving notice of a foreclosure sale to a consumer as required by [state law] does not constitute debt collection activity under the FDCPA"). Here the Court finds that the Defendant merely provided the adequate notice of a foreclosure sale by means of the NOD as required by Nevada law. See Nevada Revised Statute §107.080 (2015). Defendant Sables was merely acting as an enforcer of a security interest and not as a general debt collector. It was not attempting to collect a debt by means of the NOD; rather it was providing the required notice for such a sale. Such conduct by an entity or trustee of a deed of trust seeking to enforce a security interest in real property does not create a claim under the FDCPA. Vien-Phuong Thi Ho, 858 at 574-75.

The Court thus finds on the undisputed facts that Plaintiff's remaining claim must be dismissed as a matter of law. There is no genuine issue of disputed fact that could support a claim under the FDCPA against the Defendant and the Defendant had the authority as a trustee of the deed of trust to initiate foreclosure proceedings. As Plaintiff's Motion for Summary Judgment is also based on the argument that "Sables LLC[] is not in fact authorized to threaten foreclosure, or to in fact foreclose on my property because they do not own the note," that motion is denied.

The Court is also denying the Motion to Reconsider, ECF No. 46, as it finds no further argument or hearing is necessary on this record.

## VI. CONCLUSION

**IT IS ORDERED** that Defendant's Motion for Summary Judgment, ECF No. 32, is GRANTED.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment, ECF No. 34, and Motion for Reconsideration, ECF No. 46, are DENIED.

The Clerk of Court is instructed to close this case.

DATED: March 20, 2018.

**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**